

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-13-2009

# Aldrich Nine Assoc v. Foot Locker

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3672

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Aldrich Nine Assoc v. Foot Locker" (2009). *2009 Decisions.* Paper 2049.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/2049

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-3672

_____

ALDRICH NINE ASSOC.,
a General Partnership,

Appellant

vs.

FOOT LOCKER SPECIALTY, INC.,
as Successor in Interest to F.W. WOOLWORTH CO.

_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
(D.C. Civ. No. 06-cv-03981)
District Judge:  Katharine S. Hayden

_____

Argued December 1, 2008
Before:  AMBRO, WEIS and VAN ANTWERPEN, <u>Circuit</u> <u>Judges</u>.

(Filed: January 13, 2009)
_____

William A. Dreier, Esquire (ARGUED)
Robert L. Ritter, Esquire
Lori A. Johnson, Esquire
Susana P. Cruz, Esquire
Schiffman, Abraham, Kaufman & Ritter, P.C.
Three University Plaza, Suite 410
P.O. Box 568
Hackensack, New Jersey  07602

Attorneys for Appellant Aldrich Nine Associates

Geoffrey W. Castello, III, Esquire (ARGUED)
Lauri A. Mazzuchetti, Esquire
Kelley Drye & Warren LLP
200 Kimball Drive
Parsippany, New Jersey  07054

Attorneys for Appellee Foot Locker Specialty, Inc.

_____

OPINION

_____

WEIS, Circuit Judge.

Plaintiff Aldrich Nine Associates appeals from an order of the District Court granting defendant Foot Locker Specialty, Inc.'s motion to dismiss.  We conclude that the District Court erroneously applied New Jersey's entire controversy doctrine to bar the plaintiff's suit.  Accordingly, we will reverse and remand.

In May 2002, plaintiff ("owner") filed a complaint in New Jersey state court to recover damages on a defaulted lease.  The court entered summary judgment on liability against defendant ("tenant") "for amounts due under the Lease through January 31, 2006" and ordered that the matter "proceed for a determination of damages due [owner]."

The lease provided choices for the recovery of damages in the event of default.  Owner could seek back rent payable "in monthly installments . . . on the rent days specified in this Lease and any suit brought to collect the amount of the deficiency

2

for any month [would] not prejudice in any way the rights of [owner] to collect the deficiency for any subsequent month by a similar proceeding." As an alternative, owner could pursue accelerated rent, *i.e.*, "an amount equal to the difference between the . . . [rent] from the date of [the tenant's] default to the date of expiration of the [lease's] Term . . . and the then fair and reasonable rental value (inclusive of . . . [rent]) of the . . . Premises for the same period."

Before the trial on damages began, tenant moved *in limine* to limit owner to the accelerated rent option. In denying the motion, the New Jersey court held that the terms of the lease allowed the issue of damages to "be addressed seriatim." The judge explained to counsel:

> "There clearly has been liability determined by [the previous judge] that . . . the [tenant], in fact, is liable up to inclusive of 2006. That's clear . . . .
>
> "We do find, in addition thereto, that there are two options for being relieved or being addressed in damages at this point: [(1)] . . . [that] spells out for back rent at that time or which is less global or [(2)] for the rents projected . . . . [The second option] does require an expert [to prove]. There is no expert here and there is no judicial estoppel because those are the two options [owner] had.
>
> "Although the entire controversy rationale does - would indicate that we should resolve this all in one fell swoop, unfortunately with these leases in the [commercial context] as they were, they can be addressed seriatim . . . . [G]iven the terms of the lease, there is no judicial estoppel. [The previous judge] did not rule on anything other than liability attaching for the full period of time.

"It is up to the [owner] then, by their measure of proof, to prove that there is a quantum of damages, be that for the total period of 2006 or some salient portion thereof. The portion that they have elected to proceed with . . . is up to August 1st of 2003.

"They've elected to go with back rent . . . . [T]here is no misleading [here] . . . .

"They've also indicated . . . that they . . . will endeavor to prove damages to August the 1st, 200[3]. . . . [T]his is one of the elections that [the] parties negotiated at arms length. . . . [The] application [*in limine*] is denied at this point."

The matter then proceeded to a trial on damages. At its conclusion, the court filed an order that "Judgment be . . . entered in favor of [owner] Aldrich . . . and against [tenant] Foot Locker . . . for $1,150,632.75." Tenant appealed to the Appellate Division of the New Jersey Superior Court. There, tenant challenged the "order granting partial summary judgment to plaintiff as to liability, a pre-trial ruling barring the report and testimony of an expert on behalf of [tenant], and some evidentiary rulings during the trial."

In November 2005, the Appellate Division concluded that the "trial court was correct to decide the liability issue on summary judgment" and agreed with the evidentiary rulings. The court saw "no merit sufficient to warrant further discussion" of the remaining issues on appeal. There was no discussion of the seriatim damage ruling.

In July 2006, owner filed a second complaint in the New Jersey court to obtain the remaining damages under the lease. Invoking diversity jurisdiction, tenant

4

removed the action to the District Court for the District of New Jersey and filed a motion to dismiss asserting a violation of New Jersey's entire controversy doctrine and *res judicata*.

The District Court granted the tenant's motion to dismiss. Explaining that the entire controversy doctrine controlled, the Court found it unnecessary to determine whether *res judicata* also precluded the owner's suit.

Owner appealed and now argues that the District Court erroneously applied the entire controversy doctrine to bar the 2006 suit. Tenant counters that the District Court properly granted the motion to dismiss because both the entire controversy doctrine and *res judicata* prohibited owner from bringing the second action.

State court decisions are given "the same preclusive effect in federal court they would be given in the courts of the rendering state." Del. River Port Auth. v. Fraternal Order of Police, Penn-Jersey Lodge 30, 290 F.3d 567, 573 (3d Cir. 2002). Accordingly, we look to the preclusion law of New Jersey. Id.

The entire controversy doctrine "requires that a person assert in one action all related claims against a particular adversary or be precluded from bringing a second action based on the omitted claims against that party." In re Mullarkey, 536 F.3d 215, 229 (3d Cir. 2008) (quoting Melikian v. Corradetti, 791 F.2d 274, 279 (3d Cir. 1986)). "[A] party cannot withhold part of a controversy for later litigation even when the withheld component is a separate and independently cognizable cause of action." Id.

5

Exceptions to the doctrine exist. It

> "does not require that all claims and parties proceed to
> culmination in one litigation. Rather, all claims and parties
> must initially be joined together before one court. The court
> can determine for itself how best to proceed with the various
> claims and parties. In order to exercise this discretion,
> however, the court must be fully informed of the extent of the
> controversy before it."

Petrocelli v. Daniel Woodhead Co., 993 F.2d 27, 31 (3d Cir. 1993); DiTrolio v. Antiles, 662 A.2d 494, 504-05 (N.J. 1995). Thus, where a trial court "has expressly reserved the plaintiff's right to maintain [a] second action or where [the court's] rulings on related issues indicate it was likely to have reserved that right, the preclusive effect of the entire controversy [doctrine] does not apply." DiIorio v. Structual Stone & Brick Co., 845 A.2d 658, 661 (N.J. Super. Ct. App. Div. 2004); see also Brown v. Brown, 506 A.2d 29, 35-36 (N.J. Super. Ct. App. Div. 1986) (the doctrine does not apply when "the court in the first action has expressly reserved the plaintiff's right to maintain the second action"(quoting Restatement (Second) of Judgments § 26(1)(b))).

A party's "conduct may [also] estop him from relying on" the entire controversy doctrine. Brown, 506 A.2d at 35. Exempt from "the claim-splitting bar [are] those claims as to which 'the parties have agreed in terms or in effect that the plaintiff may split his claim, or the defendant has acquiesced therein.'" Id. (quoting Restatement (Second) of Judgments § 26(1)(a)).

Our review of the record convinces us that the District Court erred in concluding that the entire controversy doctrine barred the owner's 2006 suit against tenant. All claims and parties had been joined in 2002 before the New Jersey trial judge, who understood the full extent of the controversy between the parties, exercised his discretion to allow owner to seek only back rent at that time, and preserved the owner's ability to pursue damages in the future. Accordingly, the District Court should not have applied the entire controversy doctrine to grant the tenant's motion to dismiss.

Though not addressed by the District Court, we find *res judicata* to be equally inapplicable. "[*R*]*es judicata* refers . . . to the common-law doctrine barring relitigation of claims or issues that have already been adjudicated." Velasquez v. Franz, 589 A.2d 143, 147 (N.J. 1991) (internal quotation marks omitted). New Jersey applies *res judicata* "when three circumstances are present: '(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action.'" In re Mullarkey, 536 F.3d at 225 (quoting Post v. Hartford Ins. Co., 501 F.3d 154, 169 (3d Cir. 2007)).

A matter has been actually litigated when the "issue [wa]s properly raised, by the pleadings or otherwise, and is submitted for determination, and is determined." Velasquez, 589 A.2d at 147 (quoting Restatement (Second) of Judgments § 27 cmt. d). Furthermore, we have determined that in New Jersey *res judicata* would not bar a successive suit when a trial judge has "expressly preserved . . . claims for a future action."

7

Venuto v. Witco Corp., 117 F.3d 754, 758 (3d Cir. 1997); see also Restatement (Second) of Judgments § 26 cmt. b ("A determination by the court that its judgment is 'without prejudice' (or words to that effect) to a second action on the omitted part of the claim . . . should ordinarily be given effect in the second action").

The record reveals that the judgment in the 2002 action established the tenant's liability through January 31, 2006, but awarded damages only for the period up to August 1, 2003. Losses from August 2, 2003, though January 31, 2006, were not submitted for determination nor included in the judgment.

Therefore, a New Jersey court would not have used *res judicata* as a basis for granting the tenant's motion to dismiss. A final judgment as to all of the damages due to owner did not exist at the culmination of the 2002 suit, and owner had received permission to pursue a future action for the amounts owed from August 2, 2003, to January 31, 2006.

Accordingly, the District Court erred in granting the tenant's motion to dismiss. Because neither the entire controversy doctrine nor *res judicata* bar the owner's 2006 action, we will reverse and remand with directions that the tenant's motion to dismiss be denied.

8